NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARK SCHNIZLEIN, *Plaintiff/Appellant,*

*v.*

DEBBIE YAZZA et al., *Defendants/Appellees.*

No. 1 CA-CV 16-0305
FILED 4-20-2017

Appeal from the Superior Court in Maricopa County
No. CV2013-093207
The Honorable Robert H. Oberbillig, Judge
The Honorable David K. Udall, Judge

**AFFIRMED**

COUNSEL

Mark Schnizlein, Scottsdale
*Plaintiff/Appellant*

Udall Shumway, PLC, Mesa
By Stockton D. Banfield
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

---

**N O R R I S**, Judge:

¶1　　　　This appeal arises out of orders entered by the superior court dismissing all claims asserted by Plaintiff/Appellant Mark Schnizlein and Defendants/Appellees Debbie and Alex Yazza against each other, and awarding the Yazzas $17,500 in attorneys' fees.

¶2　　　　On appeal, Schnizlein argues the superior court improperly denied his request for a jury trial and granted summary judgment against him, thus, depriving him of an opportunity to prove his claims against the Yazzas. Contrary to Schnizlein's argument, the record shows the superior court did not improperly deny his request for a jury trial or grant summary judgment to the Yazzas. Instead, the superior court dismissed Schnizlein's claims against the Yazzas with prejudice pursuant to a settlement agreement the parties, then represented by counsel, reached in "open court" which, in accordance with what was then Arizona Rule of Civil Procedure 80(d),[1] *see infra* ¶ 4, they "dictated into the record." Further, the superior court approved the settlement agreement as a "binding agreement," but only after Schnizlein and Debbie Yazza testified they had heard and understood the agreement as dictated into the record and confirmed the agreement was "in fact, their agreement." Because the parties stipulated to dismissing their claims with prejudice, the superior court also appropriately vacated the scheduled jury trial.

¶3　　　　Further, to the extent Schnizlein is challenging the existence or the terms of the settlement agreement,[2] or asserting the superior court

---

[1]The Arizona Supreme Court amended the Arizona Rules of Civil Procedure effective January 1, 2017, and what was Rule 80(d) is now Rule 80(a).

[2]Schnizlein acknowledges in his reply brief that he "agreed to allow the judge to hear the case rather than the jury" but asserts that in agreeing to do so, he relied on the judge's false assurances that he would

abused its discretion in approving the settlement agreement, *Sandretto v. Payson Healthcare Mgmt., Inc.*, 234 Ariz. 351, 362–63, ¶ 48, 322 P.3d 168, 179–80 (App. 2014) (appellate court reviews superior court's decision to approve a settlement agreement for abuse of discretion) (citation omitted), those arguments are not supported by the record.

**¶4**          Under former Rule 80(d) agreements between parties in civil lawsuits were binding if their terms were made orally in open court and entered in the court minutes.   Here, as discussed above and as reflected in the court's minutes, the parties entered into a settlement agreement in open court and "dictated" it into the record. Thus, under Rule 80(d), the settlement agreement was and is binding on the parties.

**¶5**          Further, Schnizlein failed to include in the record on appeal a transcript from the hearing in which the parties dictated their settlement agreement into the record. *See* Arizona Rules of Civil Appellate Procedure ("ARCAP") 11(c)(1) (appellant must order transcript of court proceeding if appellant deems it necessary for proper consideration of the issues on appeal; if appellant will contend on appeal that a judgment is unsupported by the evidence, appellant must include in the record the transcript of all proceedings containing evidence relevant to that judgment). Because Schnizlein failed to include the transcript of that hearing in the record on appeal, we must assume it supports the factual findings, made by the superior court on the record, that Schnizlein had agreed to settle and dismiss his claims against the Yazzas with prejudice and to pay attorneys' fees to the Yazzas in an amount not to exceed $17,500.  *See Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995) (in the absence of a transcript, appellate court assumes the transcript would support the superior court's judgment, findings, and conclusions) (citation omitted).

**¶6**          Finally, on March 31, 2017, after this appeal was fully briefed and had been assigned by the Clerk of the Court for consideration by Department A on April 5, 2017, Schnizlein moved to dismiss this appeal with prejudice with each party to be responsible for their costs and attorneys' fees. We deny that motion. Schnizlein initiated this appeal after he had entered a binding settlement agreement and then raised arguments

---

give him a "fair hearing." He also states that his "attorney said I needed to agree to a $17,500 judgment because [the superior court judge] was going to rule [on] summary judgment in favor of any larger amount of money" sought by the Yazzas in attorneys' fees. The record contains no support for any of these accusations against the trial judge, and we reject them.

on appeal that were without merit and unsupported by the record. The Yazzas incurred fees and costs in responding to these arguments, and this court expended judicial resources in addressing them before Schnizlein filed this motion. Under these circumstances, dismissal of this appeal upon the terms requested by Schnizlein would be inappropriate as dismissal would reward him for filing a frivolous appeal. *See generally* ARCAP 25 (appellate court may impose sanctions for frivolous appeal).

**¶7**     For the foregoing reasons, we affirm the orders entered by the superior court dismissing the parties claims against each other with prejudice and awarding the Yazzas $17,500 in attorneys' fees. As the successful party on appeal, and pursuant to their request, we award the Yazzas attorneys' fees pursuant to Arizona Revised Statutes section 12-341.01 (2016) and costs on appeal contingent upon their compliance with ARCAP 21.[3]



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3]Schnizlein listed Westbrook Builders and Christy Schnizlein as plaintiffs in his notice of appeal. Although the superior court granted Schnizlein's motion to amend the complaint to substitute Westbrook Builders LLC as plaintiff, the superior court vacated its order pursuant to the parties' stipulation. Thus, Westbrook Builders LLC was never a party to the superior court proceedings.  Christy Schnizlein was a named plaintiff, but settled with the Yazzas, and the superior court dismissed her from the case. Consequently, neither Westbrook Builders LLC nor Christy Schnizlein are parties to this appeal. Accordingly, we deny Schnizlein's motion to substitute Westbrook Builders LLC as the plaintiff/appellant.